IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PASCO COUNTY, FLORIDA
CIVIL DIVISION

GERALD COLLETTE D/B/A       CASE NO: 2017 CA 2113 WS
TRUTHINADVERTISINGENFORCERS.COM,
Plaintiff,

v.

ENDURANCE WARRANTY
SERVICES, LLC, Defendant.
_____/

**VERIFIED COMPLAINT FOR MULTIPLE VIOLATIONS OF DRIVERS PRIVACY PROTECTION ACT ("DPPA") WITH REQUESTS FOR PERMANENT INJUNCTIONS AND JURY TRIAL**

Plaintiff, GERALD COLLETTE D/B/A TRUTHINADVERTISING ENFORCERS.COM ("Plaintiff"), sues Defendant, ENDURANCE WARRANTY SERVICES, LLC ("Defendant"), and alleges:

**PLAINTIFF'S SUMMARY OF THE CASE**

1. Plaintiff alleges multiple violations of a single cause of action against a Florida licensed automobile warranty insurance agent whereby Defendant knowingly obtained, used, and shared (respectively, "Illegal Obtaining," "Illegal Using", and "Illegal Sharing") Plaintiff's "Personal information,"[1] from Plaintiff's motor vehicle record,[2] for a purpose not permitted under the Driver's Privacy Protection Act[3] ("DPPA").

2. Plaintiff seeks liquidated damages and injunctive relief and retains his right to obtain leave of the Court to seek punitive damages.

---

1 As defined by 18 U.S.C. § 2725(3).
2 As defined by 18 U.S.C. § 2725(1).
3 18 U.S.C. § 2721, et seq. (2017).

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this dispute because Plaintiff's claims exceed $15,000.[4]

4. Although this is a federal claim, this Court has concurrent jurisdiction because Congress has not explicitly or implicitly made federal judicial jurisdiction exclusive[5] for violations of DPPA.

5. Venue is proper because the cause of action accrued in western Pasco County, Florida.

## PARTIES

6. Plaintiff GERALD COLLETTE is an adult individual and a citizen of Pasco County, Florida, D/B/A TRUTHINADVERTISINGENFORCERS.COM, a fictitious business name, duly registered, pursuant to § 865.09 Fla. Stat. (2016) and, by definition, TRUTHINADVERTISINGENFORCERS.COM is a sole proprietorship of GERALD COLLETTE, who appears pro se.[6]

7. Defendant, ENDURANCE WARRANTY SERVICES, LLC ("Defendant"), is an Illinois Limited Liability Company and a Florida licensed[7] motor vehicle service agreement salesperson.[8]

---

4  Furthermore, Plaintiff intends to ask leave of the Court to seek substantial punitive damages. Therefore, Plaintiff's good faith estimate of the total amount in controversy of this case is over $75,000.

5  E.g., Yellow Freight System, Incorporated v. Donnelly, 494 U.S. 820, 823 (1990).

6  See, e.g., Lowery v. Hoffman, 188 F.R.D. 651, 653 (M.D. Ala. 1999) ("An individual owner may in general represent a sole proprietorship, for a sole proprietorship and its owner are essentially one and the same.")

7  License No. W286408, pursuant to § 634.171 Fla. Stat. (2017).

8  As defined by § 634.011(15) Fla. Stat. (2017), commonly referred to by the Florida CFO as an "auto warranty representative."

## HISTORICAL BACKGROUND

8. In April, 2016, Plaintiff purchased a used car (the "Mercury"), for cash, from a private party. Plaintiff then registered and titled the Mercury in Florida.

9. In the month or so following that purchase, Plaintiff received several direct mail solicitations from auto warranty representatives. Those solicitations contained Plaintiff's personal information[9] and referenced Plaintiff's Mercury.

10. Plaintiff believed the auto warranty representatives sending those solicitations had obtained his personal information from his Florida motor vehicle record.[10]

11. Plaintiff then contacted the Florida law enforcement agency responsible for protecting Florida's assets.[11] The officer Plaintiff spoke to told Plaintiff words to the effect of:

> I don't know what we can do. My personal motor vehicle records are supposed to have an additional level of protection because I'm a law enforcement officer, but even I still get those kinds of solicitations.

12. Plaintiff knew something had to be done about this situation, but did not know exactly what to do.

---

9  As defined by 18 U.S.C. § 2725(3) (2017).
10 As defined by 18 U.S.C. § 2725(1) (2017).
11 The Florida Department of Law Enforcement.

Collette v. Endurance Warranty Services, LLC
Complaint
Page 3 of 11

## GENERAL FACTUAL ALLEGATIONS

### 2017 Auto Purchase and Registration

13. In April, 2017, Plaintiff purchased another used vehicle (the "Hyundai"), for cash, from a private party. Plaintiff then registered and titled the Hyundai in Florida.

14. When Plaintiff registered and titled the Hyundai, he added something to his address which is not on any of his other addresses.

15. Plaintiff lives in a trailer park. Unlike some trailer parks where multiple lots have the same street address and individual trailer addresses are identified by a lot number, in Plaintiff's trailer park, each trailer has its own unique street address. Therefore, in Plaintiff's trailer park, lot numbers are not used with the mailing addresses.

16. Nonetheless, when Plaintiff registered and titled his Hyundai, after his street address, he added the lot number of his tract (the "Lot Number")[12] from the Pasco County Tax Collector.

17. Plaintiff has never gotten any mail using the Lot Number. Even mail from the Tax Collector does not show the lot number on the envelope.[13]

18. Neither the seller nor the insurer of the Hyundai have the Lot Number. Plaintiff paid cash for the Hyundai, so there was no financier who would have the Lot Number.

19. At the time Plaintiff registered and titled his Hyundai, his Personal Information, the Lot Number, and information about his Hyundai (collectively, the "Unique Collection of Information") were together in only one place – his Florida motor vehicle record.

---

12 Lot 719B.

13 Furthermore, the lot is not titled in Plaintiff's name.

Collette v. Endurance Warranty Services, LLC
Complaint
Page 4 of 11

20. Plaintiff has never given his "Express Consent"[14] to the disclosure of his Personal Information.

## LETTER FROM DEFENDANT

21. On or about May 4, 2017, Plaintiff received a letter (the "Letter") from Defendant containing the Unique Collection of Information, soliciting Plaintiff to purchase auto warranty insurance from Defendant. A true and correct image of the letter, in grayscale, shrunken slightly to fit on the page, is on "Exhibit 1," accompanying.

22. The sending of the Letter, by itself, constituted at least one instance of Illegal Using of Plaintiff's Personal Information.

## FOLLOW UP WITH DEFENDANT

23. On May 11, 2017, Plaintiff called the number on the Letter, 866-474-2600. Plaintiff spoke to a man who identified himself as Josh, who asked Plaintiff for the approval number on the Letter.

24. Plaintiff specifically asked Josh if he had Plaintiff's Personal Information. Josh answered yes. This constituted an additional instance of Illegal Using of Plaintiff's Personal Information.

25. Plaintiff asked Josh to email him a copy of the policy. Josh then sent Plaintiff an email containing some of Plaintiff's Personal Information, including information from the Unique Collection of Information.[15] This constituted one more instance of Illegal Using.

26. The transactions described above constituted at least three instance(s) of Illegal Using of Plaintiff's Personal Information.

---

14 As defined by 18 U.S.C. § 2725(5).

15 The email also contained the Hyundai's VIN, information which Plaintiff did not give to Defendants, but which is in his Motor Vehicle Record.

## ADDITIONAL ILLEGAL USING AND ILLEGAL SHARING

Plaintiff is informed and believes:

27. Defendant engaged in Illegal Using of Plaintiff's Personal Information at least two other times in planning and/or reviewing the above transactions.

28. Defendant engaged in Illegal Sharing of Plaintiff's Personal Information at least twice.

## NUMBER OF USES AND SHARINGS

29. As set forth above, Defendant engaged in, at least:

   (a) Five instances of Illegal Using of Plaintiff's Personal Information, and

   (b) Two instances of Illegal Sharing of Plaintiff's Personal Information.

## INJURY TO PLAINTIFF

30. By its Illegal Obtaining, Illegal Using, and Illegal Sharing of Plaintiff's Personal Information, Plaintiff's right to privacy of his Personal Information was wrongly invaded by Defendant.

31. Therefore, Plaintiff suffered the loss of his privacy.

32. Accordingly, Plaintiff was harmed by the conduct of Defendant described above (the "Offending Conduct").

## WILLFULNESS AND RECKLESSNESS

Plaintiff is informed and believes:

33. Defendant had actual knowledge of the wrongfulness and illegality of the Offending Conduct. Nonetheless, Defendant willfully and recklessly disregarded the law and engaged in the Offending Conduct.

34. As a regular part of its business practices, Defendant regularly engages in the Offending Conduct toward numerous parties in addition to Plaintiff.

35. Defendant had a specific intent to harm Plaintiff by violating Plaintiff's privacy.

36. The Offending Conduct was motivated solely by unreasonable financial gain.

37. Defendant knew the Offending Conduct was unreasonably dangerous with respect to Plaintiff's privacy.

38. Defendant knew there was a high likelihood of injury to Plaintiff's privacy resulting from the Offending Conduct.

39. The Offending Conduct was so reckless or wanting in care for Plaintiff's privacy it constituted a conscious disregard and indifference to the privacy rights of Plaintiff.

40. Defendant willfully and recklessly disregarded the DPPA.

41. The facts stated in the previous eight paragraphs were known by the managing agent, director, officer, and/or other persons responsible for making policy decisions on behalf of Defendant.

## CAUSE OF ACTION[16]

42. This is a cause of action for a statutory claim under 18 U.S.C. § 2724(a) (2017).

---

16 This Complaint contains only one cause of action.

43. Plaintiff restates all of the foregoing allegations except for those within the section entitled "Historical Background."

44. The Offending Conduct constitutes Illegal Obtaining, Illegal Using, and Illegal Sharing.

45. Defendant is liable to Plaintiff for statutory liquidated damages of $2,500[17] for each instance of Illegal Obtaining, Illegal Using, and/or Illegal Sharing.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the Court:

46. Issue a permanent mandatory injunction[18] compelling Defendant to disclose, under oath, to Plaintiff, all the sources from which it obtained Plaintiff's Personal Information;

47. Issue a permanent mandatory injunction compelling Defendant to disclose, under oath, to Plaintiff, the facts of each instance it used Plaintiff's Personal Information;

48. Issue a permanent mandatory injunction compelling Defendant to disclose, under oath, to Plaintiff, all recipients to whom it disclosed Plaintiff's personal information;

49. Issue a permanent prohibitory injunction enjoining Defendant from further engaging in the Offending Conduct with respect to Plaintiff;

---

17 Pursuant to 18 U.S.C. § 2724(b)(1) (2017).

18 All injunctions are requested pursuant to 18 U.S.C. § 2724(b)(4) (2017).

50. For each of the five instances of Illegal Using[19] and each of the two instances of Illegal Sharing, described above, find Defendant is liable to Plaintiff for liquidated damages of $2,500,[20] for a total liquidated damage award of $ 17,500;

51. Provide for Plaintiff, in the event the injunctions requested above prove more instances of Illegal Using and/or Illegal Sharing of Plaintiff's Personal Information than shown in the previous paragraph, to be able to amend his judgment or obtain a supplemental judgment, finding Defendant liable to Plaintiff for additional liquidated damages of $2,500 for each additional instance of Illegal Using and/or Illegal Sharing of Plaintiff's Personal Information for which no liability was previously found.

52. Issue a permanent mandatory injunction compelling Defendant to permanently destroy all copies of Plaintiff's Personal Information; and

53. Grant Plaintiff such other relief, including costs,[21] as is just and equitable.

## WAIVER OF ACTUAL AND NOMINAL DAMAGES

54. Rather than asking a jury to calculate the monetary value of Plaintiff's actual damages from the Offending Conduct with specificity, Plaintiff hereby waives any claim to any actual or nominal damages[22] to which he may be

---

19 Although Defendant had to obtain Plaintiff's Personal Information in order to use it, courts typically treat the acts of Illegal Obtaining and then Illegal Using as a unified act, eligible for only one instance of statutory liquidated damages. E.g., Pichler v. UNITE, 542 F. 3d 380, 394 (3d Cir. 2008) cert. denied 129 S. Ct. 1662 (2009). Therefore, Plaintiff is making no statutory liquidated damage claim for Illegal Obtaining, and limiting his claims for statutory liquidated damages to only instances of Illegal Using and Illegal Sharing.

20 Pursuant to 18 U.S.C. § 2724(b)(1) (2017).

21 Pursuant to 18 U.S.C. § 2724(b)(3) (2017).

22 Plaintiff intends to ask leave of the Court, pursuant to § 768.72(1) Fla. Stat. (2017), to seek punitive damages pursuant to 18 U.S.C. § 2724(b)(2) (2017).

entitled to obtain, from Defendant, for this cause of action. In lieu thereof, Plaintiff simply requests the relief requested, as set forth above.

## REQUEST FOR JURY TRIAL

55. Plaintiff hereby requests all questions of fact, not otherwise determined by admission, stipulation, or summary judgment, be tried by a jury.[23]

## VERIFICATION OF COMPLAINT

I, GERALD COLLETTE, in my capacity as sole proprietor of TruthInAdvertising Enforcers.com, Plaintiff in this matter, pursuant to §.92.525 Fla. Stat. (2017), under penalties of perjury, declare I have read the foregoing Complaint and the facts stated in it are true, except so far as they are therein stated to be on information and belief, and those facts I believe to be true to the best of my knowledge and belief.

Dated: July 5, 2017

Respectfully Submitted,

Gerald Collette D/B/A TruthInAdvertisingEnforcers.com
Plaintiff, Pro Se

by

Gerald Collette
Sole Proprietor
2139 Kepner Drive
Holiday, FL 34691
727-457-0300
jerrycollette@gmail.com

---

[23] Plaintiff also recognizes some courts have held DPPA cases are not eligible for jury trials, except for punitive damage phases. E.g, Pichler v. UNITE, 542 F. 3d 380, 387-390 (3d Cir. 2008) cert. denied 129 S. Ct. 1662 (2009).